(260) The lessors of the plaintiff, in support of their title, produced a deed from the sheriff of Buncombe County to themselves for the land in question. They then produced the execution under which the said land was sold. It commanded the sheriff that of the goods and chattels, lands and tenements of Merriman Featherston, he cause to be made "the sum of one hundred and fifty-five dollars, which the State in our Superior Court of Law, held for Buncombe County, at the courthouse in Asheville, recovered against him for costs and charges in the said suit expended, whereof the said Merriman Featherston is liable, as appears to us of record," etc. On the execution a bill of cost was endorsed containing officers' fees and witnesses' dues, but without specifying whether they were costs expended by the State or were the defendant's costs. The lessors of the plaintiff then produced in evidence the record of certain proceedings on an indictment against the defendant in Buncombe Superior Court upon which said execution issued.
The defendant contended that there was no judgment of the Superior Court of Law for Buncombe County against him which would authorize the issuing of the execution produced, and that said execution and all the proceedings under it were void. The record upon which the said execution was issued was not sent up as a part of the case, but the case states that upon an inspection of it the facts appeared to be as follows: "The defendant was indicted for perjury, and on his trial was acquitted. The execution in question was issued for the costs incurred by the defendant in the progress of the cause, and which were due to the court officers and the defendant's witnesses." His Honor overruled the defendant's objection, and charged the jury that the clerk of the Superior Court of Law for Buncombe County was authorized by law to issue the execution aforesaid for the defendant's costs; that said execution authorized the sheriff to sell and that the lessors of the plaintiff acquired title by their *Page 207 
purchase. The lessors of the plaintiff had a verdict and judgment and the defendant appealed.
In this State it has been repeatedly decided that (261) a purchaser deriving title under a sheriff's sale must show a judgment as well as an execution. In this case the plaintiff produced an execution against the defendant, under which he purchased. The execution commanded the sheriff to make $155, "which the State, in our Superior Court of Law held for the county of Buncombe at the courthouse, recovered against him for cost and charges in the said suit expended, whereof the said Merriman Featherston is liable, as appears to us of record," etc. On the back of the execution there is a bill of cost containing officers' fees and witnesses' dues, but it does not specify whether it was cost expended by the State or defendant's cost. If we look only at the execution and bill of cost annexed, no other conclusion can arise but that it was cost expended on behalf of the State in some suit on record in that court against the defendant, in which suit the defendant had been cast or convicted. The plaintiff failed to produce any judgment in favor of the State to authorize such an execution. The plaintiff on the trial alleged that the recital in the execution, that it issued on a judgment in favor of the State, was a mistake of the clerk. He then gave in evidence a record of an indictment in the Superior Court of Buncombe County against the defendant, which showed that he had been tried and acquitted. The plaintiff contended that the court had authority by virtue of the acts of the Legislature to render judgment on that acquittal in favor of the officers of the court and defendant's witnesses for the amount of their fees and dues from him, to be taxed by the clerk, or that the clerk at the instance of said officers and witnesses had a right to issue execution for the same without any formal judgment being rendered. That this execution instead of being to enforce a judgment for the State was intended to be in favor of the officers of the court and the defendant's witnesses for fees and dues to them in the State case. That if under the acts it was necessary that a judgment should be rendered in favor of the officers, etc., before execution could issue, then the court should presume such a judgment was rendered. If on the other hand no formal judgment was necessary, then the court ought to take this execution as having been issued by the clerk to cover the defendant's cost in said indictment. When the defendant was acquitted he was entitled to (262) the common-law judgment that he got without day as to the indictment, but at the foot of that common-law judgment there should *Page 208 
have been a judgment under the statute against the defendant in favor of the officers and defendant's witnesses for his cost due to them, to be taxed by the clerk, upon which the clerk should issue execution, not for the State, but in favor of the said officers, etc., against the defendant. The act says (see 1 Rev. Stat., ch. 105, sec. 24) "that it shall be lawful for clerks, on fees not being paid by the party from whom they are due, to make out execution directed to the sheriff, and the said sheriff shall levy the same by virtue of the said execution as in other cases; and to the said execution shall be annexed a copy of the bill of cost of the fees on which execution shall issue." Under this act the practice has been to include cost due the parties, witnesses' as well as the officers' fees, etc. Taking the act literally, it seems to address itself only to the clerks; but in construing it we must say it is a law addressed to the courts, to command by order their ministerial officers to do what is there required. Such a construction is consonant to the principles of the common law, and then harmony will be kept up in the forms of the proceedings of the courts. The plaintiff asked the court first to presume that such judgment was rendered as the court might have rendered when the defendant was discharged on the indictment. And secondly to permit him by parol proof to rectify the mistake of the clerk and apply this execution to the said presumed judgment. The court below yielded to the prayer of the plaintiff on both points, and he recovered 745 acres of land, for which he gave at the sale only $205. Those persons who attended the sale might have refrained from bidding because they knew there was not to be found on the record any such judgment as that referred to in the execution. Whether a proper judgment against the defendant can now be obtained by the officers, etc., nunc pro tunc, is a question not now before us. From the loose practice in our State the courts in favor of justice are in many cases compelled to presume that such a judgment has been rendered as the plain facts on the record demanded (263) should have been rendered. But we are of the opinion that in this case the judge extended the indulgence too far to presume such a special judgment as that suggested; and then again to permit the execution offered to be trimmed and shaped by parol evidence to fit such presumed judgment. In our opinion the plaintiff failed to produce any judgment, and therefore there must be a new trial.
PER CURIAM. Judgment reversed. *Page 209